### J. E. MOBLEY v. THE STATE.

No. 3123. Decided October 25, 1905.

**Murder—Bill of Exceptions—Verbal Charge—Form of Verdict.**

On a trial for murder, where defendant complained that the court gave a verbal charge as to the form of their verdict, and there was no bill of exceptions reserved, the question can not be considered on appeal.

Appeal from the District Court of Lamar. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The following statement from the brief of the Assistant Attorney-General is substantially correct: The motive for the killing was shown. There had been bad blood between appellant and deceased. Each had threatened to kill the other. There were two eye-witnesses to the homicide,—Lonnie Porter and W. E. Mathis. The testimony of these two eye-witnesses establish murder in the first degree. According to their testimony, appellant shot the deceased first with a shotgun, shooting his hands off, while he was drawing a bucket of water; that he then shot him with his pistol six times, three times after he was falling to the ground; that he then took from deceased's pocket, deceased's pistol and shot him twice with this pistol, and threw it down by the side of deceased, to prepare evidence for his defense. According to these eye-witnesses' testimony, deceased had made no effort to injure appellant. Appellant, however, in his testimony, claimed that he shot deceased in self-defense. The court submitted murder in the first and second degrees, manslaughter and self-defense.

No brief of the appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment fixed at confinement in the penitentiary for life.

We find no bill of exceptions in the record. The motion for new trial merely insists that the charge of the court is too general, and did not charge according to the facts; and also because the court sent the jury back, and gave a verbal charge as to the form of their verdict. If there was error in the last suggestion, it should be presented by a bill of exceptions in order to be revised by this court. As to the objections to the charge of the court they are too general to be

considered. However, we have read the charge of the court and find it is in accordance with law. Appellant further insists that the evidence is not sufficient to support the conviction. To this we cannot agree. The evidence shows a premeditated murder on the part of appellant. The judgment is affirmed.

*Affirmed.*